IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEONZA C. DAWSON** *Plaintiff* | CIVIL ACTION |
| | NO. 13-5413 |
| v. | |
| **COUNTY OF DELAWARE,** *et al.* *Defendants* | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    May 22, 2014

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a motion to dismiss filed by the County of Delaware ("County") and Sheriff Joseph F. McGinn (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), which seeks the dismissal of the federal civil rights and state law claims asserted against them for failure to state a claim on which relief can be granted. [ECF 5]. Neonza C. Dawson ("Plaintiff") opposes the motion, *in part*, and concedes to the dismissal of Defendant Joseph McGinn from the complaint, leaving only the *Monell* claim against the County contained at Count II and the claims against several unnamed defendants ("John Doe Defendants") contained within Counts I, II and IV. [ECF 6].[1]

For the reasons stated herein, the County's motion to dismiss is granted, and Count II only of Plaintiff's complaint is dismissed.

---

[1] In the opposition brief, Plaintiff "agrees to the dismissal of Defendant Joseph McGinn from the Complaint . . . ." (*See* Plaintiff's Brief, at pp. 8-9). The claims asserted against Defendant McGinn at Counts I, III and IV, are, therefore, dismissed. While Plaintiff also asserts the claims contained at Counts I, III and IV against the John Doe Defendants, her only claim against the County is the *Monell* claim contained at Count II. The claims asserted against the John Doe Defendants, therefore, are not the subject of the County's motion to dismiss, or of this Court's memorandum opinion.

**BACKGROUND**

On September 17, 2013, Plaintiff filed a civil rights action asserting various 42 U.S.C. §1983 ("§1983") and state law claims against Defendants and the John Doe Defendants. Briefly, the federal claims asserted are: violation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the Constitution, and the failure to train, instruct and supervise (*i.e.*, a *Monell* claim). Plaintiff's state law causes of action against the individual Defendants consist of claims of assault, battery, and intentional infliction of emotional distress. [ECF 1].

Defendants filed the instant motion to dismiss on October 7, 2013. When ruling on this motion, this Court must accept, as true, the relevant factual allegations in Plaintiff's complaint, which can be summarized as follows:

> On September 19, 2011, Plaintiff was attending a court hearing in the Delaware County Courthouse, when she was taken into custody by several unnamed Delaware County deputy sheriffs (*i.e.*, the John Doe Defendants). (Comp. ¶14).[2] While taking Plaintiff into custody, who was not resisting their efforts, these John Doe Defendants allegedly assaulted her without provocation, causing her to suffer serious injuries. (*Id.* at ¶¶15-18).
>
> Plaintiff asserts that the alleged constitutional violations were caused by the County's failure to train and instruct its sheriff and deputy sheriffs in the proper methods for constitutionally taking an individual into custody from a courtroom, and to fully and honestly report their conduct. (*Id.* at ¶29). Plaintiff also alleges that the County had policies and customs that encouraged, acquiesced, overlooked, and approved the use of excessive force by its sheriff and deputy sheriffs to deprive citizens of their constitutional rights. (*Id.* at ¶¶35-36). Without providing specifics, Plaintiff also claims that the County had a history of permitting such unconstitutional conduct by its sheriffs and deputy sheriffs. (*Id.* at ¶¶31, 34).

---

[2] In her complaint, Plaintiff does not disclose whether Plaintiff was in the courthouse attending her own hearing or a hearing for some other person.

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Interpreting *Twombly* and *Iqbal*, the Third Circuit has offered the following analysis of the process to be undertaken in deciding a motion to dismiss:

> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible

> claim for relief.' *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' *Iqbal*, 129 S.Ct. at 1949. This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' *Id.*

*Fowler*, 578 F.3d at 210.

## DISCUSSION

At Count II of the complaint, Plaintiff asserts a so-called *Monell* claim against the County based upon its policies and customs that allegedly (1) encouraged the John Doe Defendants to use unreasonable force on Plaintiff and (2) failed to train the John Doe Defendants on how to constitutionally take an individual into custody from a courtroom and report unconstitutional conduct. This Court will analyze these arguments separately.

*Monell Liability – Policy or Custom*

It is well-settled that a municipality may be held liable under §1983 only if its official policy or custom causes a constitutional injury. *Monell v. New York Department of Social Services*, 463 U.S. 658, 694 (1978). A governmental entity, however, may not be held liable under §1983 for constitutional violations caused solely by its employees or agents under the principle of *respondeat superior*. *Id.* at 690.

To assert a plausible *Monell* claim, a plaintiff must allege facts showing that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate a plaintiff's constitutional rights. *Id.* at 694. The policy must be the "moving force" behind the constitutional tort. *Id.*; *see also McLaughlin v. Cunningham*, 2014 WL 1225935, *9 (E.D. Pa. March 25, 2014). Thus, a plaintiff must allege facts showing an "affirmative link" or

"plausible nexus" between the custom or practice and the alleged constitutional violation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990); *see also Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004). The custom or policy must also exhibit deliberate indifference to the constitutional rights of those it affects. *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).

> As set forth by the Third Circuit:
>
>> A government policy or custom can be established in two ways. Policy is made when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

"Custom requires proof of knowledge and acquiescence by the decisionmaker." *McTernanan v. York*, 564 F.3d 636, 658 (3d Cir. 2009). "In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850; *see also Andrews*, 895 F.2d at 1480.

Plaintiff contends that the County is subject to municipal liability for the alleged constitutional violations committed by the John Doe Defendants because, at the time, they were acting pursuant to an official policy or municipal custom. In the complaint, however, Plaintiff sets forth only threadbare formulaic recitals of the *Monell* buzz words and the requisite elements for her cause of action, but not the requisite facts to support her claims. As set forth above, the "formulaic recitation of the elements of a cause of action will not do." *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555). For example, Plaintiff alleges that the County was responsible for "policies, customs and/or practices which encouraged the individual Defendants

5

to use unreasonable force on Plaintiff." The complaint is, however, completely devoid of any factual allegations that could support either the existence of such policies or customs, or that these policies or customs caused the alleged deprivation of her constitutional rights. Rather, Plaintiff's complaint contains only bald and otherwise conclusory assertions that such a policy or custom existed, but not the requisite facts to establish their existence. Apart from her broad conclusions and recitation of the elements of her claim, the only factual allegations in her complaint pertain solely to the single incident that allegedly occurred on September 19, 2011. Without more, Plaintiff has not pled sufficient facts to plausibly suggest that the actions of the John Doe Defendants were sufficiently persistent and widespread to constitute a municipal policy or custom.

In light of the case law, this Court concludes that Plaintiff's averments regarding the County's customs and policies do not satisfy the *Twombly* pleading requirements as these are merely unsubstantiated assertions and conclusions which fail to state a claim upon which relief can be granted.

*Monell Liability – Failure to Train*

Plaintiff also contends that the County failed to adequately train John Doe Defendants in the proper methods for constitutionally taking an individual into custody and reporting unconstitutional conduct and is, therefore, subject to municipal liability for the alleged constitutional violations committed by them. Like the previous claim discussed above regarding custom and/or policy, the failure to train claim, too, fails to meet the pleading requirements of *Twombly*.

A municipality's failure to adequately train its officers, agents and employees may give rise to a cause of action under §1983, but "only where the failure to train amounts to deliberate

indifference to the rights of persons with whom the police came into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). However, "[a] municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, __ U.S. __, 131 S.Ct. 1350, 1359 (2011). Indeed, the Third Circuit has stated that "[e]stablishing municipal liability on a failure to train claim under §1983 is difficult." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).

To meet the deliberate indifference standard, a municipality's failure to train must reflect a deliberate or conscious choice made by municipal policymakers and must be the cause of the alleged constitutional violation. *Harris*, 489 U.S. at 389-90. Generally, inadequate training can only amount to the requisite deliberate indifference "where the failure to train has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000); *see also Connick*, 131 S.Ct. at 1360 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.") (quoting *Bd. of Cnty. Com'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).[3]

While Plaintiff alleges that the constitutional deprivations in this case were caused by the County's inadequate training of the John Doe Defendants, she fails to allege facts sufficient to show that the alleged inadequate training amounted to the County's deliberate indifference to the need for such training. Initially, Plaintiff has failed to identify the specific training the County should have provided that would have prevented the alleged constitutional violations. *See Reitz*, 125 F.3d at 145 (affirming dismissal where plaintiff failed to identify "the specific training the County should have offered which would have prevented the deprivation of their constitutional

---

[3] Only under a narrow set of circumstances can deliberate indifference be shown absent a pattern of prior violations. *See Connick*, 131 S.Ct. at 1366. To do so, a plaintiff must show that a constitutional violation was sufficiently foreseeable such that a single occurrence could establish a municipality's deliberate indifference. *See City of Canton*, 489 U.S. at 390.

rights. . . ."). In addition, though Plaintiff alleges a "history" of various constitutional violations by the County's agents and the County's acquiescence to such violations, she has provided no facts to substantiate any prior incidents. As such, Plaintiff has failed to allege facts that could establish that the County was deliberately indifferent to the need to provide the John Doe Defendants training or that this failure was the actual cause of Plaintiff's injuries. *See Reitz*, 125 F.3d at 145.

Though it is this Court's view that Plaintiff has fallen woefully short of pleading a viable *Monell* claim against the County, Plaintiff will be permitted to file an amended complaint pursuant to the Third Circuit's directive. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff shall have twenty (20) days from the date of this memorandum opinion to file an amended complaint. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.